CITY OF NEW ORLEANS *v.* SHIP WINDERMERE, CAPTAIN WILSON and OWNERS.

The duties which the law imposes on common carriers of passengers by water, in relation to the treatment and accommodation of passengers during the voyage, necessarily cease on the termination of the voyage. If, during the voyage, a contagious disease breaks out on the vessel, and on her arrival at port the city authorities find it necessary, in order to prevent the spreading of the infection, to have her sick passengers sent to the hospital to be treated, the owners of the vessel cannot be made liable for the expenses incured thereby.

When the consignees of the ship have paid the contribution imposed by the Statute as hospital money, and the act of introducing the passengers is not in violation of any prohibitory law, an action for damages arising from a *quasi offence* will not lie.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *J. Livingston*, for plaintiff and appellant. *Durant & Horner*, for defendants.

VOORHIES, J. This is an action for the recovery of $525, alleged to have been disbursed by the plaintiff for the medical treatment of nineteen small pox patients, landed by the ship Windermere at New Orleans in April, 1854, and conveyed to Luzenburgh's hospital, in order to prevent the spreading of the infection. The disbursement, it is alleged, was "for and on account of the master and owners of the ship," without any obligation on the part of the plaintiff to make the same; but which was done on account of the destitute condition of said passengers; and that the defendants, having no right to bring to this port and land passengers thus afflicted with a contagious disease, became liable to pay all the expenses incurred thereby.

The defendants pleaded the general issue. Judgment was rendered in their favor and the plaintiff appealed.

The record shows that on the voyage of the Windermere from Liverpool to New Orleans, with nearly five hundred passengers on board, and when off the island of Cuba, the small pox broke out and attacked indiscriminately the passengers and the crew; that no disease of any kind had appeared until then on the ship; that the crew all recovered; and that some of the passengers were still sick when the ship reached New Orleans, and were cared for by the city authorities. It is also in proof that the hospital money, or contribution of $2 per head under the Statute, was paid by the consignees of the ship.

The law imposes certain duties on the common carrier of passengers by water in relation to the treatment, accommodation, &c., of the passengers during the voyage. At the end of the voyage, such duties must necessarily cease. We are not aware of any legal obligation on the part of the common carrier to provide for the necessities of the passengers, however destitute may be their condition on the arrival of the vessel. Angell on the Law of Carriers, § 610 *et seq.* The claim against the defendants does not appear to us to be even founded in good conscience, for they have been compelled to pay a tax or contribution for the support of the hospital. We, therefore, consider the facts of this case insufficient to constitute a *quasi* contract between the litigants; C. C. 2272 *et seq.*; 13 Duranton, § 637. But it is insisted that the defendants are liable to the plaintiffs for damages arising from a *quasi offence.* Articles 1753, 2294, 2295 and 2296 of the Civil Code are relied upon by the plaintiff to maintain the

action. It is not pretended or shown that the act of which the plaintiff com- New Orleans. plains was in violation of any prohibitory law or municipal ordinance. Whether Windermere. the disease originated from the cause attributed to the owners of the ship, or not, it appears to us immaterial, for it cannot afford any legal ground of action in favor of the plaintiff. It suffices us to say that the Acts of Congress, approved March 2d, 1819, and February 22d, 1847, afford abundant protection to unwary emigrants from the fraud and cupidity of unprincipled ship owners.

It is, therefore, ordered that the judgment of the court below be affirmed, with costs.